# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DR. MICHAEL A. WAGNER, | ) |
| | ) |
| Plaintiff, | ) Case No. 15-cv-6165 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| AVA EVANS (in her official and individual capacities), ANDREA JOSELYN (in her official and individual capacities), WILLIAM PHELAN (in his official and individual capacities), JOHN DOE (in his official and individual capacities), THOMAS J. DART, Cook County Sheriff (in his official capacity), COOK COUNTY BOARD PRESIDENT TONI PRECKWINKLE (in her official capacity), and the COOK COUNTY BOARD OF COMMISSIONERS (in their official capacities), | ) ) ) ) ) |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael A. Wagner ("Wagner") filed a ten-count complaint against defendants Sergeant Ava Evans, Deputy Sheriffs Andrea Joselyn and William Phelan, an unidentified John Doe defendant, Cook County Sheriff Thomas Dart, Cook County Board President Toni Preckwinkle, and the Cook County Board of Commissioners, alleging violations of the Fourth Amendment (Count I), the First Amendment (Counts II and III), the Fourteenth Amendment (Count IV), and the Illinois Constitution (Counts V through VIII), as well as conspiracy (Count IX) and battery (Count X). Defendants now move to dismiss all counts of the complaint, or, alternatively, to dismiss many of the named defendants. For the reasons set forth below, the defendants' motion to dismiss [15] is granted in part and denied in part.

1

**Background**

The following factual allegations are taken from the complaint and are accepted as true for the purposes of ruling on the instant motion. Cook County is governed by the Cook County Board of Commissioners. (Dkt. 1 ¶ 13). Toni Preckwinkle ("Preckwinkle) is the current president of the Board of Commissioners. (*Id.* ¶ 14). Thomas Dart ("Sheriff Dart") is the Cook County Sheriff, and is responsible for providing for the security of county buildings. (*Id.* ¶ 9).

Wagner was employed by Cook County as the Chief Toxicologist at the Cook County Medical Examiner's Office. (Dkt. 1 ¶ 15). In April 2015, a complaint was filed against Wagner by one of his employees alleging that Wagner had acted violently towards him. (*Id.* ¶ 36). Following an investigation, Cook County terminated Wagner's employment. (*Id.* ¶ 44). Wagner appealed his termination to the Cook County Employee Appeals Board ("EAB"), which convenes for public hearings at the Cook County office building located at 118 North Clark Street in Chicago ("the County Building"). (*Id.* ¶¶ 51–52). Security for the County Building is provided by the Cook County Sheriff's Department. (*Id.* ¶ 9).

Wagner's initial status hearing was held before the EAB on June 10, 2015. (*Id.* ¶ 53). All attendees at the hearing, including Wagner, had their bags searched and were scanned with a hand-held metal detector before being admitted to the hearing. (*Id.* ¶ 54). Following his status hearing, Wagner remained in the EAB session to observe the evidentiary hearing of another appellant. (*Id.* ¶ 58). During that hearing, Deputy Phelan entered the room, approached Wagner, and asked Wagner whether his bag had been searched. (*Id.* ¶ 58). Wagner answered that it had been. (*Id.*). Deputy Phelan held out his hand in a manner indicating that Wagner was required to surrender his bag. (*Id.* ¶ 59). Wagner did so and, following Deputy Phelan into the hallway, watched as Phelan searched Wagner's bag for a second time. After Deputy Phelan completed his search he returned the bag to Wagner, who returned to the hearing. (*Id.* ¶ 59). Soon thereafter Deputy Phelan and

2

Sergeant Evans entered the hearing room and, approaching Wagner, instructed him to "come with us." (*Id.* ¶ 60). Outside the hearing room, Deputy Phelan and Sergeant Evans directed Wagner to surrender his bag and searched it for the third time. (*Id.* ¶ 61). Deputy Phelan also ordered Wagner to put his hands up and proceeded to search Wagner's person a second time. (*Id.* ¶ 62). Neither Sergeant Evans nor Deputy Phelan had received any information to justify these additional searches. (*Id.* ¶ 63). Deputy Evans then informed Wagner that he was barred from the county building and had been required to leave the building immediately after his hearing ended. (*Id.* ¶ 65). Deputy Phelan grabbed Wagner by the arm and, with Sergeant Evans, escorted Wagner from the building. (*Id.* ¶ 67).

Sergeant Evans subsequently filed an Incident Report Form, in which she stated that she had been instructed to remove Wagner from the building by Deputy Joslyn, who had received that instruction from "Rebecca in Human Resources." (Dkt. 1-1). Rebecca Strisko, the acting bureau chief of the Cook County Bureau of Human Resources, denies having instructed Deputy Joslyn to remove Wagner from the building. (Dkt. 1 ¶¶ 74, 75). Another deputy informed Sergeant Evans that she had been instructed that Wagner had been terminated and was no longer allowed in the building by Eric Wong, an assistant to President Preckwinkle's Chief of Staff. (Dkt. 1-1). Wong also denies having given that instruction. (Dkt. 1 ¶ 75).

Wagner's attorney subsequently requested that President Preckwinkle's office issue a letter stating that Wagner was not barred from public buildings. (*Id.* ¶ 78). President Preckwinkle's office declined to issue such a letter or to provide Wagner with any further information. (*Id.* ¶ 79). Wagner subsequently brought this suit against Sergeant Evans, Deputies Joselyn and Phelan, Sheriff Thomas Dart, President Preckwinkle, the Cook County Board of Commissioners, and the unidentified John Doe defendant who actually issued the order barring Wagner from entering the

3

county building. Defendants subsequently filed this motion to dismiss, which they have chosen to stand on without replying to the plaintiff's response.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

*1. The Parties*

As an initial matter, this Court turns its attention to the defendants' challenges to the parties joined in this action. The defendants contend that (1) the Cook County Board of Commissioners is a non-suable entity that must be dismissed from this action; (2) Wagner's official capacity claims against Sergeant Evans and Deputies Joselyn and Phelan should be dismissed because they are actually actions against the office of the Sheriff; and (3) that Wagner's official capacity claims against President Preckwinkle and the Cook County Board of Commissioners should be dismissed because they are really actions against Cook County itself.

4

Official capacity suits are a method of pleading an action against an entity of which the officer is an agent. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Thus, Wagner's official capacity allegations against Sergeant Evans and Deputies Joselyn and Phelan are in essence claims against Sheriff Dart, and his allegations against President Preckwinkle and the membership of the Board of Commissioners are in essence claims against Cook County. *Cruz v. Dart*, No. 11 C 00630, 2012 WL 5512275, at *5 (N.D. Ill. Nov. 13, 2012) (Dow, J.). Here, however, Cook County is not a named party to this suit. This is problematic, because Cook County is a necessary party to any suit seeking damages from an independently elected county officer such as the sheriff. *Carver v. Sheriff of LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir. 2003). Accordingly, this Court orders that Cook County be joined to this suit as a defendant pursuant to its authority under Federal Rules of Civil Procedure 19(a)(2) and 21. Because both Sheriff Dart and Cook County are now named as defendants, the official capacity claims against Sergeant Evans, Deputies Joselyn and Phelan, President Preckwinkle, and the membership of the Board of Commissioners are dismissed as being redundant of the claims against Sheriff Dart and Cook County. *See Cruz*, 2012 WL 5512275, at *7; *Smith v. Dart*, 11 C 00014, 2012 WL 965115, at *9 (N.D. Ill. Mar. 21, 2012) (St. Eve, J.).

*2. Monell Claims*

Defendants next contend that Wagner has failed to plausibly allege *Monell* claims against Sheriff Dart and Cook County under 14 U.S.C. § 1983. It is well established that a municipality is not liable for constitutional violations under section 1983 unless the constitutional violations at issue are caused by a municipal policy or practice. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 698, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order to sustain a claim of municipal liability for a civil rights violation, a plaintiff must allege: (1) an express municipal policy that, when enforced, deprived the plaintiff of a constitutional right; (2) a widespread municipal practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a

5

custom or usage with the force of law; or (3) that the plaintiff's alleged constitutional injury was caused by a person with final policymaking authority.  *Id.*; *McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000).  Here, Wagner alleges that, at the behest of an unknown decision maker, Cook County and Sheriff Dart have adopted and enforced an official policy barring Wagner from entering the County Building.  These allegations are sufficient to state a plausible claim for *Monell* liability. *Riley v. Cnty. of Cook*, 682 F. Supp. 2d 856, 861 (N.D. Ill. 2010).

*3. Fourth Amendment Claims*

Wagner alleges that he was searched in violation of his Fourth Amendment rights when, having already been searched upon entering the hearing, he was subjected to two additional searches. He also alleges that he was seized in violation of his Fourth Amendment rights when Deputy Phelan took him by the arm and escorted him from the County Building.  The defendants do not challenge Wagner's assertion that he was unlawfully seized.  Rather, they contend that he was not unlawfully searched because limited warrantless searches of people entering and occupying sensitive facilities are constitutionally reasonable.  Indeed, reasonably limited warrantless searches of people seeking to enter sensitive facilities are constitutionally permissible so long as they are part of a general practice (e.g. searching everyone who enters a courthouse) and are not intended to discover or secure evidence in relation to a criminal investigation.  *Day v. Chi. Bd. of Ed.*, No. 97 C 6296, 1998 WL 60770, at *5 (N.D. Ill. Feb. 5, 1998) (Kocoras, J.).  Here, however, Wagner concedes the constitutionality of the initial search when he entered the hearing, which all EAB attendees were subject to.  Rather, he challenges the constitutionality of the two subsequent searches, performed after he had already obtained entry to the EAB hearing and which targeted him exclusively.  Because these subsequent searches do not fit into the aforementioned exception, and because the defendants offer no argument consistent with the alleged facts as to why these subsequent searches were

6

otherwise reasonable, this Court concludes that Wagner has adequately stated claims for unlawful search and seizure in violation of the Fourth Amendment.

4. *First Amendment Claims*

Defendants next contend that Wagner has failed to adequately allege that he had a First Amendment right to observe the subsequent EAB hearing. The First Amendment presumes a right to attend proceedings which have historically been open to the public and where such public attendance and disclosure would serve a significant role in the functioning of the process in question. *See In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998); *see also N.Y. Civ. Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 290 (2d Cir. 2012) (finding that the First Amendment guaranteed the public a qualified right of access to administrative adjudicatory proceedings before the New York City Transit Adjudication Board). Under Illinois law, all meetings of public bodies are open to the public unless they fall within an enumerated exception and are closed to the public in accordance with statutorily identified procedures. 5 ILCS 120/2. Among the enumerated exceptions, a meeting may be closed if it concerns "the appointment, employment, compensation, discipline, performance, or dismissal of specific employees." *Id.* Because meetings concerning the dismissal of employees may be closed to the public, the defendants argue that the EAB hearing was not a public meeting and that Wagner therefore had no First Amendment right to remain in attendance after his own hearing finished. Here, however, Wagner specifically alleges that the EAB hearings were open to the public, and nothing within his allegations suggests that the meeting was closed to the public in accordance with the statutorily-required procedures. *See* 5 ILCS 120/2a. Accordingly, Wagner has adequately alleged that he had a First Amendment right to attend the EAB's proceedings.

*5. First Amendment Retaliation*

Defendants also contend that Wagner has failed to adequately allege that he was retaliated against for engaging in protected First Amendment activity. To state a retaliation claim, a plaintiff must allege (1) that he engaged in an activity protected by the First Amendment; (2) that he suffered a deprivation that would likely deter protected First Amendment activity in the future; and (3) a causal connection showing that the First Amendment activity was "at least a motivating factor" for the subsequent deprivation. *Santana v. Cook Cnty. Bd. of Review*, 679 F.3d 614, 622 (7th Cir. 2012). Wagner alleges that, in retaliation for his having appealed his termination, he was banned from entering the County Building. These allegations are adequate to satisfy the first two elements of the claim. *Cf. Power v. Summers*, 226 F.3d 815, 820 (7th Cir. 2000) ("Any deprivation under color of law that is likely to deter the exercise of free speech, whether by an employee or anyone else, is actionable . . . if . . . the circumstances are such as to make such a refusal an effective deterrent to the exercise of a fragile liberty."). However, Wagner does not plausibly allege facts to show that this deprivation was in retaliation for or was motivated by the fact of his appeal, as opposed to the fact and circumstances of his termination. Indeed, the stated reason for his removal appears to have been that "he was fired from the medical board and could not attend such hearings." Accordingly, Wagner has failed to state a retaliation claim.

*6. Equal Protection Claims*

Defendants next contend that Wagner has failed to adequately allege that he was discriminated against in violation of the Fourteenth Amendment. The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall deny to any persons within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. Traditionally, the Equal Protection Clause is understood to protect members of vulnerable groups from unequal treatment by the state. *Bell v. Duperrault*, 367 F.3d 703, 707 (7th Cir. 2004). However, the clause also protects against state

8

actions that unfairly target a single individual in a so called "class of one." To state an equal protection claim under a "class of one" theory, the plaintiff must allege that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601–602, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008). To be considered similarly situated, the plaintiff and his person of comparison must be identical or directly comparable in all material respects. *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010).

Wagner alleges that he was treated differently from others similarly situated because he was the only audience member removed from the EAB hearing and banned from the County building and that there was no rational basis for his removal. In response, defendants argue that Wagner was not similarly situated because (1) he does not allege that the other audience members were recently-terminated employees and (2) none of the other audience members had had allegations of workplace violence made against them. Because these factors are material to Wagner's removal and restriction from the County Building, Wagner has failed to identify similarly situated individuals who were treated differently than he was. Accordingly, Wagner has not adequately pled an equal protection claim. *See Flying J Inc. v. City of New Haven*, 549 F.3d 538, 547–48 (7th Cir. 2008).

*7. Qualified Immunity*

Defendants next contend that the individually named defendants are entitled to qualified immunity because Wagner does not allege the violation of clearly established rights. Qualified immunity is an affirmative defense which protects government officials from individual liability for actions taken while performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1022 (7th Cir. 2000).

The Seventh Circuit has characterized dismissing suits under Rule 12(b)(6) based on qualified immunity as being a delicate matter that district courts should approach carefully. *Jacobs v. City of Chi.*, 215 F.3d 758, 765 n. 3 (7th Cir. 2000). On the one hand, qualified immunity is the ability to be free from suit, not merely a defense from liability, and therefore questions of immunity should be decided at the earliest possible stage. *Id.* On the other hand, a plaintiff is not required to anticipate the assertion of qualified immunity or to plead allegations that would defeat that immunity. *Id.* Thus, although courts may rule on immunity as a matter of law where its applicability is apparent, the application of immunity often requires factual inquiry beyond the plaintiff's allegations. In light of the claims at issue here and the information contained in the pleadings, this Court finds that the question of qualified immunity does not lend itself to resolution at this stage in the proceedings. Accordingly, this Court declines to hold that the individual defendants are entitled to qualified immunity.

*8. Conspiracy*

Defendants also contend that Wagner has failed to state a claim of conspiracy to violate his federal constitutional rights. To establish a prima facie case of civil conspiracy, a plaintiff must show (1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement. *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988). Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden. *Evers v. Reak*, 21 F. App'x 447, 450 (7th Cir. 2001). Rather, a complaint must contain factual allegations suggesting that the defendants reached a meeting of the minds. *Id.* Wagner's conclusory allegations that a conspiracy occurred, absent specific allegations concerning the defendant's supposed agreement to deprive him of his constitutional rights, are insufficient to meet the

requirement that such claims be plead with specificity. *Id.* Accordingly, Wagner has not adequately pled a claim of conspiracy.

*9. State Constitutional Claims*

Defendants next contend that Wagner's state constitutional claims, premised on Article I Section 2, Article I Section 4, and Article I Section 6 of the Illinois Constitution, must be dismissed because they do not create a private right of action. *See, e.g., Farrar v. City of Chi.*, 00 C 1675, 2001 WL 184979, at *1 (N.D. Ill. Feb. 22, 2001) (Plunkett, J.) ("Illinois courts have not implied a private right of action under Article I, section 6 . . ."); *Faulkner-King v. Wicks*, 590 N.E.2d 511, 515, 226 Ill.App.3d 962 (1992) (recognizing that there is no private right of action for damages for violations of Article I, Section 2), *abrog. on other grounds by Blount v. Stroud*, 904 N.E.2d 1, 232 Ill.2d 302 (2009). Although the provisions in question do not create a private right of action for damages claims, courts in this District have allowed actions premised on those provisions that seek either declaratory or injunctive relief. *See, e.g., Peterson v. Village of Downers Grove*, 103 F. Supp. 3d 918, 920–21 (N.D. Ill. 2015) (Chang, J.) (considering claims for declaratory and injunctive relief under Article I, Section 4 where the question of whether or not there existed a private right of action was not raised); *see also Kole v. Village of Norridge*, 941 F. Supp. 2d 933, 959 (N.D. Ill. 2013) (Durkin, J.) (declining to dismiss a claim for declaratory judgment under Article I, section 2, Article I, section 4, and Article I, Section 6 where the requested relief was construed as being sought under the federal declaratory judgment statute, 28 U.S.C. § 2201). Because, here, Wagner seeks only declaratory and injunctive relief for his state constitutional claims, this Court agrees that his state constitutional claims are properly pled.

*10. Battery Claims*

Finally, the defendants contend that Wagner's battery claim is barred by the Tort Immunity Act. A battery occurs when one "intentionally or knowingly, without legal justification and by any means, causes bodily harm to an individual or makes physical contact of an insulting or provoking

nature with an individual. 720 ILCS 5/12-3(a). Under the Illinois Tort Immunity Act, a public employee is immune from liability while enforcing the law unless their acts are willful and wanton. 745 ILLCS 10/2-202. Conduct is willful and wanton when it "shows an actual or deliberate intention to cause harm or . . ., if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210. Here, Wagner alleges that Deputy Phelan, acting intentionally and unnecessarily, grabbed Wagner's arm and, holding his arm, escorted him from the County building. The defendants, without reference to any authority and without further elaboration, argue that this allegation "does not in any way exhibit 'a deliberate intention to cause harm or an utter indifference to or conscious disregard for the safety of others or their property.'" Because the determination of whether conduct is willful and wanton is ultimately a question of fact and in light of the unpersuasive nature of the defendants' arguments, this Court declines to find that Wagner's battery claim is barred by the Tort Immunity Act at this stage in the proceedings. *Hatteberg v. Cundiff*, 966 N.E.2d 995, 1002, 2012 IL App (4th) 110417 (2012).

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss [15] is granted in part and denied in part. Cook County is ordered joined as a defendant in this case. Wagner's official capacity claims against Sergeant Evans and Deputies Joselyn and Phelan are dismissed, and President Preckwinkle and the Board of Commissioners of Cook County are dismissed in their entirety. Counts III (First Amendment Retaliation claims), IV (Fourteenth Amendment claims), and IX (conspiracy claims) are dismissed.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: February 2, 2016